**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3648-16T3

DEUTSCHE BANK NATIONAL
TRUST COMPANY, as Trustee
of the Residential Asset Securitization
Trust 2007-A5, Mortgage Pass-
Through Certificates, Series 2007-E
Under the Pooling and Servicing
Agreement Dated March 1, 2007,

     Plaintiff-Respondent,

v.

SHAHID NAZIR,

     Defendant-Appellant,

and

NUZHAT NAZIR, his wife, each of
their heirs, devisees, and personal
representatives, and his, her, their or
any of their successors in right, title
and interest; MID-LAND FUNDING
LLC and DISCOVER BANK,

     Defendants.

_____

Submitted October 15, 2018 – Decided November 20, 2018

Before Judges Haas and Mitterhoff.

On appeal from Superior Court of New Jersey, Chancery Division, Middlesex County, Docket No. F-023745-13.

Shahid Nazir, appellant pro se.

Phelan Hallinan Diamond & Jones, LLP, attorneys for respondent (Brian J. Yoder, on the brief).

PER CURIAM

In this residential mortgage foreclosure action, defendant Shahid Nazir appeals from the trial court's denial of his motion to vacate a final judgment of foreclosure and sheriff's sale. We affirm.

In February 2007 defendant's wife executed a promissory note securing the sum of $553,000.00 to IndyMac Bank, F.S.B. On the same date, defendant and his wife executed a non-purchase-money mortgage to Mortgage Electronic Registration System, Inc., as nominee for IndyMac Bank. Mortgage Electronic Registration System assigned the mortgage to plaintiff Deutsche Bank National Trust Company in November 2010. Defendant defaulted on the loan starting in August 2010 and never cured the default.

On July 9, 2013, plaintiff filed a foreclosure complaint. On August 16, 2013, defendants filed a contesting answer. On September 24, 2013, Judge Ann G. McCormick entered a case management order scheduling trial for January

30, 2014. On January 28, 2014, plaintiff, through counsel, agreed to a consent order in which defendants agreed to deem their answer non-contesting in exchange for plaintiff agreeing to refrain from applying for final judgment for sixty days. The trial court entered the consent order on January 30, 2014.

On September 5, 2014, plaintiff moved for default. On February 24, 2015, the trial court entered an order granting default. On March 16, 2015, plaintiff sent formal notice pursuant to Section 6 of the New Jersey Fair Foreclosure Act to defendants. On November 4, 2015, plaintiff filed a notice of motion for entry of final judgment. On January 5, 2016, the trial court entered a final judgment of foreclosure.

After several postponements for loss mitigation discussions between the parties and defendant exercising statutory adjournments, a sheriff's sale was scheduled for September 14, 2016. On July 18, 2016 and August 16, 2016, defendant attempted to file pro se motions to stay the sheriff's sale, but the clerk's office marked the motions as "Received but not Filed" because defendant had not paid the proper filing fees or submitted a substitution of attorney signed

by the withdrawing attorney.[1]  On September 14, 2016, plaintiff purchased the property at the sheriff's sale.

On September 22, 2016, defendant attempted to file a pro se motion to object to and set aside the sheriff's sale, but the clerk's office again did not file the motion because defendant had not submitted a substitution of attorney signed by the withdrawing attorney and paid the appropriate filing fee.  On November 14, 2017, defendant filed a substitution of attorney in order to proceed pro se.  On March 1, 2017, defendant filed a motion to set aside the writ of possession, set aside the final judgment, and move forward with mediation.

On March 31, 2017, Judge McCormick held a hearing on defendant's motion and denied the motion in an oral decision.  On appeal of this denial, defendant raises the following points for our review:

> Point 1 – Defendant was entitled to relief under R. 4.50-1(f).
>
> Point 2 – The Trial Court erred and abused its discretion in allowing the settlement to withdraw [the] Contested Answer with nothing in exchange for Defendant.

---

[1]  "[A]n attorney may withdraw upon the client's consent provided a substitution of attorney is filed naming the substituted attorney or indicating that the client will appear pro se.  If the client will appear pro se, the withdrawing attorney shall file a substitution."  R. 1:11-2(a)(1).

Point 3 – The Trial Court erred and abused its discretion by not setting aside the sale, and direct[ing] the matter to mediation.

Having reviewed the record in light of the applicable legal principles, we affirm for substantially the same reasons expressed by Judge McCormick in her well-reasoned oral decision. We add only the following comments.

In general, "[t]he trial court's determination under [Rule 4:50-1] warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion." US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012) (citations omitted). Further, relief under Rule 4:50-1(f) should be granted only when "truly exceptional circumstances are present." Id. at 484 (quoting Hous. Auth. of Town of Morristown v. Little, 135 N.J. 274, 286 (1994)). Likewise, a court should exercise its discretion to set aside a foreclosure sale only to correct a plain injustice. See First Tr. Nat'l Assoc. v. Merola, 319 N.J. Super. 44, 49 (App. Div. 1999) (citation omitted) ("[T]he exercise of this power [to set aside a sheriff's sale] is discretionary and must be based on considerations of equity and justice.").

Additionally, "the showing of a meritorious defense is a traditional element necessary for setting aside . . . a default judgment." Pressler & Verniero, Current N.J. Court Rules, cmt. on R. 4:43-3 (2019); see also

<u>Guillaume</u>, 209 N.J. at 469 (requiring meritorious defense to foreclosure for relief under <u>Rule</u> 4:50-1(a)). In this case, we find that defendant fails to present a meritorious defense to the foreclosure or exceptional circumstances warranting relief under <u>Rule</u> 4:50-1(f). Defendant does not contest his default on the mortgage, and defendant's arguments are otherwise unavailing.

Defendant argues that he was denied access to the court because the clerk's office did not file some of his submissions, but the clerk's office properly marked these submissions as "Received but not Filed" because defendant failed to pay the appropriate filing fees or to submit a proper substitution of attorney signed by the withdrawing attorney. <u>See</u> <u>R.</u> 1:5-6(c)(1)(A), (D). Defendant also argues that he was promised a loan modification in exchange for withdrawing his contested answer to the foreclosure complaint, but the terms of the consent order do not provide for such a modification. "In general, settlement agreements will be honored absent a demonstration of fraud or other compelling circumstances." <u>Nolan v. Lee Ho</u>, 120 N.J. 465, 472 (1990) (internal quotations and citations omitted). In this case, defendant has presented no evidence of fraud or other compelling circumstances that warrant vacating the consent order.

For these reasons, the trial court did not abuse its discretion in refusing to vacate the final judgment and sheriff's sale. The remaining arguments raised by

A-3648-16T3

defendant are without sufficient merit to warrant discussion in a written opinion.

R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3648-16T3